**In re BONO DEVELOPMENT, INC.,**
**a Utah corporation, Debtor.**

**WILLIAM B. SCHNACH RETIREMENT**
**TRUST, Appellant,**

v.

**UNIFIED CAPITAL CORPORATION,**
**Appellee.**

**No. 93–4042.**

United States Court of Appeals,
Tenth Circuit.

Oct. 18, 1993.

Scott B. Mitchell, Lehman, Mitchell & Waldo, Salt Lake City, UT, for appellant.

Theodore W. Graham, Brobeck, Phleger & Harrison, San Diego, CA, for appellee.

Before LOGAN and BRORBY, Circuit Judges, and KANE,** District Judge.

** Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

KANE, Senior District Judge.

William B. Schnach Retirement Trust (Trust) appeals[1] from a district court order affirming a bankruptcy court decision that directed the Chapter 7 trustee to distribute to Unified Capital Corporation (Unified), which holds a first priority deed of trust on the Pioneer Village, all remaining proceeds from the sale of the Pioneer Village. The issue is whether certain funds expended by the Trust to preserve and protect the Pioneer Village were within the terms of the bankruptcy court's superpriority order such that the Trust should have been reimbursed from the sale proceeds for such expenditures. We conclude the expenditures were not within the terms of the superpriority order, and we therefore affirm.

The debtor, BoNo Development, Inc., filed a Chapter 11 petition for relief to stay foreclosure of the Pioneer Village, its sole asset. Pursuant to 11 U.S.C. § 364(d),[2] the debtor moved for permission to incur post-petition debt and obtain credit from the Trust for "emergency construction winterization preservation and maintenance." Aplt's App. at 1. The debtor requested that the Trust be granted a lien "in the amount of $87,500.00" that would be superior to all existing liens and encumbrances on the property. *Id.* at 6. The bankruptcy court authorized the debtor to borrow $87,500.00 from the Trust, and granted the Trust a superpriority administrative expense claim secured by a lien senior to all other liens with one exception (superpriority order). It also authorized the debtor to execute a trust deed note and trust deed, and provided that the debtor could borrow "on the terms and conditions as more particularly set forth in the debtor's motion and the Exhibits thereto, all of which are incorporated herein by this reference as if fully set forth." *Id.* at 74. The trust deed, which was attached to the debtor's motion, requires the

debtor to keep the property in good repair and to maintain insurance. It further provides that if the debtor fails to take required action or make required payments, the Trust could act or make the payments, and the debtor would be obligated to repay the Trust for all sums expended.

The case was converted to a Chapter 7 proceeding, and the Pioneer Village was sold. All but $30,548.20 of the proceeds were distributed. The Trust was repaid $87,500.00 plus interest. Both the Trust and Unified claimed entitlement to the remainder of the proceeds. The Trust claimed it expended funds in excess of $87,500.00 for insurance, security, and clean-up and weed control for the Pioneer Village, as authorized under the trust deed, when the debtor was unable to meet its obligations. It also claimed attorney's fees. The bankruptcy court concluded the expenditures were beyond the limit set by the superpriority order, and ordered the remaining proceeds distributed to Unified.

■ On appeal, the Trust contends that because the provisions of the trust deed were incorporated by reference as if fully set forth into the superpriority order, the sums expended pursuant to the trust deed were approved by court order and are therefore entitled to superpriority status, i.e., are also secured by a lien senior to Unified's. The extent of the priority or lien granted under 11 U.S.C. § 364(c) is limited "to the *amount* of the credit obtained or debt incurred after court approval." *In re Monach Circuit Indus., Inc.*, 41 B.R. 859, 862 (Bankr.E.D.Pa. 1984) (emphasis added). Because § 364(c) is closely related to § 364(d), we apply the same test here.

■ The bankruptcy court surely knows more about the meaning of its own order than we do, and its interpretation of its order

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. Section 364(d)(1) provides,
   The court, after notice and a hearing, may authorize the obtaining of credit or the incur-

ring of debt secured by a senior lien or equal lien on property of the estate that is subject to a lien only if—
   A) the trustee is unable to obtain such credit otherwise; and
   B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

as not encompassing expenditures beyond $87,500.00 is entitled to substantial deference. *See G.J.B. & Assocs., Inc. v. Singleton,* 913 F.2d 824, 831 (10th Cir.1990). We also conclude its interpretation is correct.

■ The superpriority order specifically authorizes the debtor to borrow the sum of $87,500.00. While the order goes on to state that the money is to be borrowed on the terms and conditions set forth in the trust deed and trust deed note, we do not read this provision as approving credit obtained or debt incurred in unspecified amounts determined solely at the Trust's discretion. Such a construction would raise serious questions concerning the adequacy of the notice given to other creditors, as well as whether they were afforded adequate protection. The superpriority order provides that Unified has adequate protection because disbursements are limited to the bids set forth in the debtor's § 364(d) motion and because Unified was required to certify that the work had been completed in accordance with the bids.[3] None of the expenditures incurred in excess of the $87,500.00 were included in the bids attached to the debtor's § 364(d) motion.

The Trust contends that *In re Carley Capital Group,* 128 B.R. 652 (Bankr.W.D.Wis. 1991), supports its position because it held that fees and expenses requested by a lender were in connection with the lender's § 364(d) lien. *Id.* at 660. However, the issue there was whether a motion for such fees had to be filed within the time limit for filing 11 U.S.C. § 503 administrative claims. *Id.* Thus, this case has little relevance here.

Nor do we see relevance in *Carley Capital*'s reliance on *Butner v. United States,* 440 U.S. 48, 56, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979), for the proposition that a bankruptcy court should take whatever steps are necessary to ensure that a mortgagee is afforded the same protection for its expenditures that it would have received under state law if no bankruptcy had ensued. 128 B.R. at 657. *Butner* was cited in relation to a discussion of an entirely different issue than is involved in this case. *See id.* We conclude that

*Carley Capital* provides no support for the Trust's position.

The Trust also contends it should have the same authority as Unified to make expenditures under its security agreement without court approval. However, Unified has no authority to act under § 364(d) without court approval.

■ Finally, the Trust argues that notice and a hearing should not have been required prior to its expenditure of additional funds, such as for insurance coverage, due to the exigencies of the situation. We disagree. While the Bankruptcy Code allows a court to dispense with a hearing under some circumstances, it does not allow a court to dispense with the requirement of notice. *Monach Circuit Indus.,* 41 B.R. at 861.

The judgment of the United States District Court for the District of Utah is AFFIRMED.

---

**3.** No issue is raised as to whether Unified was given adequate protection for the $87,500.00    loan.